Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
714.513.5100 main
714.513.5130 fax
www.sheppardmullin.com

714.424.8231 direct
jcrowe@sheppardmullin.com

File Number: 71EA-316579

February 9, 2021

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Tufano v. State Farm Mutual Automobile Insurance Company*,
   Case No. 20-15995; Response to Appellant's FRAP Rule 28(j) Letter

Dear Ms. Dwyer:

Pursuant to FRAP 28(j) and Ninth Circuit Rule 28-6, appellee State Farm Mutual Automobile Insurance Company responds to appellant Paul Tufano's Rule 28(j) Letter. [Dkt. 36.]

According to Tufano, *Chu v. Old Republic Home Protection Company*, -- Cal.Rptr.3d --, 2021 WL 302868 *1 (Cal. Ct. App., Jan. 29, 2021), supports his argument that State Farm's Car Policy offers illusory insurance because State Farm disclaims coverage for diminution in value under the Policy's first-party collision coverage. *Chu* is inapposite and lends no support to Tufano's arguments.

As a threshold matter, *Chu* says nothing about requiring insurance to afford "protection against all consequences of a covered event." (Dkt. 36, p. 2.) Rather, *Chu* merely distinguished a "home protection contract" from traditional classes of insurance, the latter of which may give rise to "bad faith" tort liability. *Chu*, 2021 WL 302868 at **4-6. But *Chu* offers no holding applicable to collision coverage under an automobile policy.

*Chu* also could not import an obligation that insurance must cover all losses, because "[i]t is a well-established principle that an insurer has the right to limit policy coverage in plain and understandable language." *Carson v. Mercury Ins. Co.*, 210 Cal.App.4th 409, 425 (2012). "A policy provision may not be considered

**SheppardMullin**

illusory when it merely *limits* the amount of protection afforded." California Practice Guide: Insurance Litigation, Ch. 4-B, § 4:29.3 (Rutter 2020) (original emphasis) (citing *Fagundes v. American Intl. Adjustment Co.*, 2 Cal.App.4th 1310, 1317 (1992)).

Additionally, California courts will not rewrite clear and explicit policy provisions based on public policy. *Kwok v. Transnation Title Ins. Co.*, 170 Cal.App.4th 1562, 1571 (2009). Thus, "an insurer may cover the cost of repairing a car damaged in an accident, but exclude coverage for the accompanying decrease in the car's future resale value." *Baldwin v. AAA Northern California, et al.*, 1 Cal.App.5th 545, 554 (2016).

In summary, *Chu* does ***not*** support that to constitute "insurance" an auto policy must include first party coverage for all alleged elements of an insured's loss, including both the cost of repair and diminution in value.

Very truly yours,

*/s/ Jeffrey S. Crowe*

Jeffrey S. Crowe
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

## CERTIFICATE OF COMPLIANCE

I certify that, pursuant to Fed. R. App. P. 28(j) and Ninth Circuit Rule 28-6, the attached Response is proportionately spaced, has a typeface of 14 points, and contains 342 words in the body of the letter, according to the counter of the word processing program with which it was prepared.

*/s/ Jeffrey S. Crowe*
JEFFREY S. CROWE

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all registered counsel of record via transmission of Notice of Electronic filing, generated by ECF.

*/s/ Jeffrey S. Crowe*
JEFFREY S. CROWE